John M. Toriello
Benjamin R. Wilson
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
(212) 513-3200
john.toriello@hklaw.com
benjamin.wilson@hklaw.com

Attorneys for Plaintiffs

**13 CV 0713**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AERSALE, INC., AERSALE 27469 LLC, and
AERSALE 27910 LLC,

                                    Plaintiffs,

  - against -

JIMOH IBRAHIM,

                                    Defendant

13 Civ. _____ (   )(   )

**COMPLAINT**

---

Plaintiffs AERSALE, INC., AERSALE 27469 LLC, and AERSALE 27910 LLC ("Plaintiffs"), by and through their attorneys Holland & Knight LLP, as and for its Complaint against Defendant JIMOH IBRAHIM ("Defendant" or "Guarantor"), upon information and belief, allege as follows:

### THE PARTIES

1.     AerSale, Inc. is a corporation existing under the laws of the State of Florida with a principal place of business at 121 Alhambra Plaza, Suite 1700, Coral Gables, Florida 33134.

2.     AerSale 27910 LLC is a limited liability company organized under the laws of the State of Delaware with a principal place of business at 121 Alhambra Plaza, Suite 1700, Coral Gables, Florida 33134.

3. AerSale 27469 LLC is a limited liability company organized under the laws of the State of Delaware with a principal place of business at 121 Alhambra Plaza, Suite 1700, Coral Gables, Florida 33134.

4. Plaintiffs are in the business of, *inter alia*, owning and leasing the aircraft that are the subject of this Complaint.

5. Jimoh Ibrahim is a citizen of the Federal Republic of Nigeria, with passport number A3732173A, and as of October 2010, maintains a residence at 159/161 Broad street marina Lagos, Nigeria.

6. Upon information and belief, Jimoh Ibrahim was at all times relevant herein the Chairman of Air Nigeria Development Limited, the lessee of the aircraft that are the subject of this Complaint.

7. Upon information and belief, Jimoh Ibrahim was at all times relevant herein the sole or a majority shareholder of Air Nigeria Development Limited, the lessee of the aircraft that are the subject of this Complaint

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Complete diversity of citizenship exists because this action involves a dispute among citizens of a State and a citizen of a foreign state and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over Defendant Jimoh Ibrahim because Mr. Ibrahim consented to jurisdiction in New York State with respect to the guaranty agreement at issue in this matter.

10. Venue is properly based in this District pursuant to 28 U.S.C. § 1391 because Defendant Jimoh Ibrahim is subject to the jurisdiction of this Court.

## BACKGROUND

11. AerSale 27910 LLC and AerSale 27469 LLC ("Lessors") are parties to certain Aircraft Lease Agreements (as collectively defined below, the "Lease Agreements") with Air Nigeria Development Limited, a company organized and existing under the laws of the Federal Republic of Nigeria ("Air Nigeria"), for the lease to Air Nigeria of two Boeing Model 737-300 aircraft bearing Manufacturer's Serial Nos. 27469 and 27910 (the "Aircraft").

12. To induce Lessors to enter into the Lease Agreements, Guarantor executed a Guaranty in favor of Plaintiffs, pursuant to which Guarantor guaranteed the prompt payment and performance of Air Nigeria's obligations under the Lease Agreements.

13. Air Nigeria materially defaulted on its obligations under the Lease Agreements by failing to, *inter alia*, make Basic and Supplemental Rent payments to Lessors and failing to return the Aircraft in the condition required by the Lease Agreements.

14. Guarantor has breached the Guaranty by failing to pay and perform as when due all of Air Nigeria's present and future obligations under the Lease Agreements, including all present and future Basic Rent and Supplemental Rent, damages for Air Nigeria's breach of the Lease Agreements, and all other Rent payments, including payment of all costs and expenses incurred by Lessors in collecting or enforcing their rights under the Lease Agreements.

## THE OPERATIVE DOCUMENTS

**A.   The Aircraft Lease Agreements**

15. On or about October 25, 2010, AerSale 27469 LLC and Air Nigeria entered into an Aircraft Lease Agreement, as amended and supplemented (the "27469 Agreement").

Pursuant to the 27469 Agreement, AerSale 27469 LLC leased to Air Nigeria a Boeing 737-300 aircraft bearing manufacturer's serial number 27469, together with the Airframe, Engines, and Parts (as those terms are defined in Schedule 1 to the 27469 Agreement). A true and correct copy of the 27469 Agreement, together with amendments and Lease Supplement No. 1, dated November 12, 2010, is annexed hereto as Exhibit A.

16. On or about October 25, 2010, AerSale 27910 LLC and Air Nigeria entered into an Aircraft Lease Agreement, as amended and supplemented (the "27910 Agreement"). Pursuant to the 27910 Agreement, AerSale 27910 LLC leased to Air Nigeria a Boeing 737-300 aircraft bearing manufacturer's serial number 27910, together with the Airframe, Engines, and Parts (as those terms are defined in Schedule 1 to the 27910 Agreement). A true and correct copy of the 27910 Agreement, together with amendments and Lease Supplement No. 1, dated November 12, 2010, is annexed hereto as Exhibit B

17. Schedule 3 of each Lease Agreement obligated Air Nigeria to make monthly payments of $125,000 for the first thirty-six (36) months of the Lease Term and $120,000 each month of the Lease Term thereafter.[1] Lease Agreements, Schedule 3, § 1. These Basic Rent payments were due on the first (1st) day of each month throughout the Lease Term. *Id.*

18. In addition to the foregoing Basic Rent payments, the Lease Agreements required Air Nigeria to make monthly Supplemental Equipment Rent payments, which encompass utilization charges in connection with Air Nigeria's operation of the Aircraft. *See id.* at § 3.2. The Lease Agreements required Air Nigeria to remit Supplemental Equipment Rent payments on or before the tenth (10th) day of each consecutive month during the Term. *Id.*

19. Pursuant to Section 15(a) of each Lease Agreement, an Event of Default occurs

---

[1] All capitalized terms used herein shall have the meaning ascribed to them under the Lease Agreements and the Guaranty.

when Air Nigeria fails to make Basic or Supplemental Equipment Rent payments within three (3) days of the date when the same is due and payable.

20. Pursuant to Section 15(h) of each Lease Agreement, an Event of Default occurs when Air Nigeria becomes unable or admits its inability to pay its Indebtedness (as that term is defined at Schedule 1 to each Lease Agreement) as they become due.

21. Pursuant to Section 15(z) of each Lease Agreement, an Event of Default occurs where Guarantor fails to perform any term, condition, covenant or agreement to be performed or observed by him, or any representation, warranty or statement made under the Guaranty is untrue.

22. Upon an Event of Default, Section 16 of each Lease Agreement permits Lessor to, at its option and without notice to Air Nigeria or Guarantor, declare the Lease Agreement to be in default and exercise, *inter alia*, the following remedies: cancel the Lease Agreement, proceed by appropriate court action to enforce performance or recover damages, apply all or any portion of the Security Deposit to sums due and payable by Lessee, demand that Air Nigeria return the Aircraft in the manner and condition required by the specified redelivery conditions, and lease the repossessed Aircraft to any third party. Lease Agreements, §§ 16.1(a)(i) – (iv).

23. Pursuant to Section 16 of each Lease Agreement, following termination of the Lease Agreement or upon the occurrence of an Event of Default, upon written demand, Air Nigeria must pay to Lessor, *inter alia*:

- all arrears of Rent and all other amounts (including Supplemental Equipment Rent) payable by Air Nigeria to Lessor under the Lease Agreement as of the Termination Date, together with interest thereon at the Incentive Rate from the date such Rent fell due for payment until the date of Lessor's receipt (Lease Agreements, § 16.1(c)(iii));

- all Rent that would have fallen due after the Termination Date, discounted over time at the Discount Rate, together with interest thereon at the Incentive Rate from the Termination Date to the date of receipt by Lessor (*Id.* at §§ 16.1(c)(i)-(ii)); and

- all Losses incurred by Lessors in connection with:

    - recovering or having possession of the Aircraft;
    - recovering Rent or other amounts due under the Leases;
    - returning the Aircraft to the condition required under the Leases; and
    - exercising or enforcing any of its rights under any Relevant Documents to which Air Nigeria is a party;

    together with interest on such amounts at the Incentive Rate from the date that Lessors incurred such Losses to the date of their recovery by Lessor. (*Id.* at § 16.1(c)(iv)).

24. Schedule 2 of each Lease Agreement defines Incentive Rate as "a rate of interest equal to LIBOR in respect of such periods as Lessor shall select from time to time, plus the Margin, but in no event greater than the maximum rate permitted by applicable law."

25. Schedule 11 of the Lease Agreements defines Margin as 10%.

26. Based upon LIBOR Rates History as validated by the rates published by the Wall Street Journal, the LIBOR (3-mo.) rate as of November 30, 2012 was 0.3110%.

27. Pursuant to Schedule 2 of the Lease Agreements, Lessors' respective obligations to lease the Aircraft to Air Nigeria were conditioned upon, among other things, Air Nigeria providing Lessors with a duly executed guaranty from a guarantor approved by Lessors. *See* Lease Agreements, Schedule 2, § 1(a)(xv).

**B.    The Guaranty**

28. On or about November 12, 2010, Jimoh Ibrahim provided a guaranty pursuant to which the Guarantor, for the benefit of AerSale and Lessors. A true and correct copy of the Guaranty is annexed hereto as Exhibit C.

6

29. Under Section 1 of the Guaranty, Guarantor unconditionally, absolutely and irrevocably guaranteed and promised AerSale and Lessors "to promptly pay and perform as and when due all of [Air Nigeria]'s present and future obligations under the Lease Agreements and any other transaction document, including without limitation, payment of all present and future Basic Rent and Supplemental Rent, damages for the breach of the Lease Agreements or other any transaction document, and all other Rent payments, including payment of all costs and expenses which may be paid or incurred by Lessor in connection or enforcing its rights under the Lease Agreements or any transaction document."

30. Guarantor further agreed that:

> Upon default of [Air Nigeria] in respect of any Indebtedness, Lessor may, at its option and without notice to Guarantor, proceed directly against Guarantor to enforce the obligations hereunder...[and] Guarantor waives any defense arising by reason of any disability or other defense of [Air Nigeria] or by reason of the cessation from any cause whatsoever of the liability of [Air Nigeria] or by reason of an act or omission of Lessor or others which directly or indirectly results in or aids the discharge or releases of [Air Nigeria] or any indebtedness or any security in respect thereof by operation of law or otherwise.

### C. Lessors' Delivery of the Aircraft to Air Nigeria

31. Lessors delivered the Aircraft to Air Nigeria on or about November 11, 2010, and Air Nigeria executed Certificates of Acceptance acknowledging receipt of the Aircraft.

## DEFAULTS AND EVENTS OF DEFAULT

### A. Air Nigeria

32. Beginning in or about December 2011, Air Nigeria was late in its payment of a series of Basic Rent and Supplemental Equipment Rent payments.

33. In March 2012, as in previous months, Air Nigeria again defaulted in its obligations under the Lease Agreements by, *inter alia*, failing to make Basic and Supplemental Equipment Rent payments to Lessors when due or within three (3) days after the due date. As a

result, on or about March 27, 2012, Lessors cancelled the Lease Agreements by letter to Air Nigeria with copy to Guarantor (hereinafter, the "Termination Notice"). As of March 27, 2012, Air Nigeria was in arrears of $1,271,447.31 in its Rent obligation, which included amounts owed at the Incentive Rate (as that term is defined at Schedule 1 to the Lease Agreements) for late payment calculated as of December 31, 2011.

34. Upon receipt of the Termination Notice, Air Nigeria requested resolution of its rental payment issues without termination of the Lease Agreements. In response and despite no obligation to do so, on or about March 30, 2012, Lessors agreed to temporarily suspend termination of the Lease Agreements provided that Air Nigeria remitted full payment of all outstanding balances under both Lease Agreements together with its Basic Rent payment for April 2012 (under the Lease Agreements, due on April 1, 2012) by April 3, 2012.

35. On or about April 3, 2012, Air Nigeria remitted $1,000,000 to Lessors towards its outstanding obligations under the Lease Agreements and promised that the remaining balance would be forthcoming by the end of April, 2012.

36. Despite Air Nigeria's assurances to the contrary, it never satisfied the outstanding rental balance owed to Lessors. Indeed, when pressed by Lessors whether the promised payment would be forthcoming, Air Nigeria's Chief Executive Officer, Kinfe Kahssaye, stated "Unfortunately, we were not able to do it due to few aircraft in operation."

37. Pursuant to Section 15(a) of each Lease Agreement, Air Nigeria's failure to pay Basic and Supplemental Rent within three (3) days of when the same became due and payable constitutes an Event of Default.

38. Pursuant to Section 15(h) of each Lease Agreement, Air Nigeria's admission that it was unable to satisfy Air Nigeria's rental amounts due and owing under the Lease Agreements

constitutes an Event of Default.

39. Pursuant to Section 15(z) of each Lease Agreement, Guarantor's receipt of the March 27, 2012 letter evidencing Air Nigeria's rental defaults under the Lease Agreements and subsequent failure to promptly pay these amounts, as promised under Section 1 of the Guaranty, constitutes an Event of Default.

**B.   Guarantor**

40. Despite demand by Plaintiffs, Guarantor has failed to discharge the outstanding obligations of Air Nigeria under the Lease Agreements.

## NOTICES

41. By letter dated May 25, 2012, Lessors notified Air Nigeria (with a copy to Guarantor) of the Events of Default under the Lease Agreements and demanded that Air Nigeria immediately cease operating the Aircraft and redeliver the Aircraft to Lessors in accordance with the conditions set forth in Part B of Schedule 7 of the Lease Agreements.

42. By letter dated May 29, 2012, Lessors notified Air Nigeria (with a copy to Guarantor) of its rental arrears in the amount of $1,185,572.62 and demanded prompt payment.

43. In accordance with Section 16.1 of each Lease Agreement, on December 20, 2012, Lessors served a written demand upon Air Nigeria (with a copy to Guarantor), demanding the immediate payment of damages through December 31, 2012 in the amount of $7,685,837.55.

44. This sum includes, among other amounts, Air Nigeria's rental arrears as of the Termination Date (*i.e.*, March 27, 2012), accelerated rental amounts discounted over the duration of the remaining Lease Term, and losses incurred in connection with the repossession and restoration of the Aircraft.

45. With respect to the to the accelerated rental amounts included in the December

20, 2012 demand, a credit was given for anticipated rentals that would be received as a result of the leasing of the Aircraft to another lessee. Lessors reserved in the December 20, 2012 demand, and hereby reserve, the right to damages that may accrue in the event these new leases are not performed.

46. Also on December 20, 2012, Lessors and AerSale demanded that in accordance with Section 1 of the Guaranty, Guarantor pay $7,685,837.55 by December 27, 2012, the amount of which, as explained above, constituted amounts due and owing to Lessors by Air Nigeria through December 31, 2012, less credits for the receipt of anticipated rentals from the leasing of the Aircraft to a third party.

47. To date, Air Nigeria and Guarantor has failed to comply with the demands made by Lessors in the letters dated December 20, 2012.

## FIRST CLAIM FOR
## BREACH OF THE GUARANTY

48. Plaintiffs repeat and re-allege each and every allegation contained within Paragraphs 1 through 47, inclusive, of this Complaint with the same force and effect as if set forth at length herein.

49. The Guaranty between Plaintiffs and Guarantor is a valid and enforceable contract.

50. All conditions precedent, if any, to Guarantor's obligation to perform under the Guaranty have been satisfied.

51. Guarantor breached his contractual obligations under the Guaranty when he failed to promptly pay and perform all of Air Nigeria's present and future obligations under the Lease Agreements, including but not limited to, payment of all present and future Basic Rent and Supplemental Rent, damages for Air Nigeria's breach of the Lease Agreements, and other Rent

payments, including costs and expenses paid by or incurred by Lessors in collecting or enforcing their rights under the Lease Agreements.

52. As a direct and proximate result of the foregoing, Plaintiffs have suffered, and will continue to suffer, damages in an amount to be determined at trial, but not less than $7,685,837.55 plus interest, costs, and attorneys' fees.

53. WHEREFORE, Plaintiffs AerSale, Inc., AerSale 27469 LLC, and AerSale 27910 demand judgment and relief against Defendant, as follows:

1. On the First Claim, imposing liability upon Defendant Jimoh Ibrahim and awarding Plaintiffs damages in an amount to be determined at trial, but not less than $7,685,837.55, plus interest, costs and attorneys' fees.

2. On the First Claim, granting Plaintiffs such other, further and different relief as this Court deems just and proper.

Dated: New York, New York
       January 31, 2013

HOLLAND & KNIGHT LLP

By: /s/ John M. Toriello
John M. Toriello
Benjamin R. Wilson
31 West 52nd Street
New York, New York 10019
(212) 513-3200
*Attorneys for Plaintiffs AerSale, Inc.,
AerSale 27469 LLC, and AerSale 27910
LLC*