UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AERSALE INC., AERSALE 27469 LLC, and
AERSALE 27910 LLC,

                                    Plaintiffs,

                    -v-

JIMOH IBRAHIM,

                                  Defendant.
------------------------------------------------------------------X

13 Civ. 713 (KBF)

OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: SEP 2 5 2013

KATHERINE B. FORREST, District Judge:

      On January 31, 2013, Aersale Inc., Aersale 27469 LLC, and Aersale 27910 LLC (together, "Aersale" or "Plaintiffs") filed this action against Jimoh Ibrahim ("Ibrahim" or "Defendant"), alleging that Defendant breached a personal guaranty to promptly pay and perform all of Air Nigeria's present and future obligations under certain lease agreements ("Lease Agreements"). (See Compl. ¶¶ 11-14, Jan. 31, 2013, ECF No. 1.) On February 7, 2013, Aersale filed a Motion for Summary Judgment. (Pls.' Mot. Summ. J., Feb. 7, 2013, ECF No. 4.) Defendant failed to answer the Complaint or to respond to the Motion for Summary Judgment for many months. On May 16, 2013, Aersale filed a Motion for Default Judgment.

      On June 6, 2013, this matter was reassigned to the undersigned, and shortly thereafter, on June 14, 2013, attorney Adeshola Aderwale Adeyemo ("Adeyemo") entered a Notice of Appearance on behalf of Defendant. (ECF No. 20.) Mr. Adeyemo requested a series of extensions of time to respond to the Motions for Default and for Summary Judgment. (See e.g., ECF Nos. 22, 23, 26, 27.) Aersale

subsequently withdrew its Motion for Default Judgment (ECF No. 28), and Defendant was required to submit any opposition to the long-pending Motion for Summary Judgment not later than July 26, 2013. (ECF No. 28.)

On July 26, 2013, counsel for Defendant submitted an "Affirmation" in Opposition to the Motion for Summary Judgment. (ECF No. 33.) The Affirmation was not accompanied by a Memorandum of Law or a response to Aersale's Statement of Undisputed Material Facts, filed pursuant to Local Rule 56.1.

On July 31, 2013, Air Nigeria Development Limited ("Air Nigeria") filed a Third Party Motion to Intervene. (ECF No. 36.) The next day, without having been granted any extension by this Court with respect to submissions on the Motion for Summary Judgment, Defendant filed a Declaration in Opposition to Plaintiff's [sic] Motion for Summary Judgment. (ECF No. 43.) On August 2, 2013, without having been granted leave to intervene, Air Nigeria filed an "Answer" to the Complaint, even though the Complaint had been asserted solely against Defendant Ibrahim. (ECF No. 46.) Defendant has, to date, failed to answer the Complaint.

Upon consideration of the various motions, the Court hereby GRANTS Plaintiffs' Motion for Summary Judgment and DENIES Air Nigeria's Motion to Intervene.

## FACTUAL BACKGROUND

This is a straightforward breach of contract case. As Defendant has failed to respond to Plaintiffs' Statement of Undisputed Facts, the facts contained therein are deemed admitted as a matter of law. See Local Rule 56.1(c). In any event, the

key provisions of the contract, along with the failure to pay on the guaranty, are undisputed even in the late-submitted Declaration of Defendant Ibrahim. (See generally Def.'s Decl. ¶ 2, Aug. 1, 2013, ECF No. 43.)

On or about October 25, 2010, Aersale 27469 LLC and Air Nigeria entered into an Aircraft Lease Agreement, as amended and supplemented (hereinafter, the "27469 Agreement"). (See Compl., Ex. A.) Pursuant to the 27469 Agreement, Aersale 27469 leased to Air Nigeria a Boeing 737-300 aircraft bearing the manufacturer's serial number 27469, together with the Airframe, Engine and Parts (as those terms are defined in the agreement.) (See id., Ex. A.) On the same day, the parties entered into a separate agreement for another Boeing 737-300, along with its Airframe, Engine and Parts (the "27910 Agreement").[1] (See id., Ex. B.)

The Lease Agreements contain an identical condition precedent to lease of the aircraft in Schedule 2: a "duly executed Guarantee from a Guarantor approved by the Lessor." (Id., Exs. A § 1(a)(xv), B § 1(a)(xv).)

On or about November 12, 2010, Defendant executed a guaranty to Aersale for both aircraft ("the Guaranty").[2] (See id., Ex. C.) The language of the Guaranty is clear and unambiguous: "Guarantor unconditionally, absolutely and irrevocably guarantees and promises to Lessor, its assigns and transferees, on demand, to promptly pay and perform as and when due, all of Lessee's present and future

---

[1] Together, the 27469 Agreement and the 27910 Agreement are sometimes referred to as "the Lease Agreements."
[2] Under Section 14 of the Guaranty, Defendant Ibrahim consented to the jurisdiction of this Court in any legal proceeding "arising out of or relating to" the Guaranty. (See Compl., Ex. C § 14.) The Guaranty also contains a New York choice of law provision. (See id., Ex. C § 22.)

3

obligations under the Lease Agreements." (Id., Ex. C § 1.) In addition, the Guaranty provides that "[t]he obligations of Guarantor hereunder are independent of, primary and separate from the obligations of Lessee under the Lease Agreement . . . ." (Id., Ex. C § 2.) The Guarantor further agreed that:

> Upon default of [Air Nigeria] in respect of any Indebtedness, Lessor may, at its option and without notice to Guarantor, proceed directly against Guarantor to enforce the obligations hereunder . . . [and] Guarantor waives any defense by reason of any disability of [Air Nigeria] or by reason of the cessation from any cause whatsoever of the liability of [Air Nigeria] or by reason of an act or omission of Lessor or others which directly or indirectly results in or aids the discharge or releases of [Air Nigeria] or any indebtedness or any security in respect thereof by operation of law or otherwise.

(Id., Ex. C § 4.)

At the time that he executed the Guaranty, Defendant was the Chairman of Air Nigeria. (SOF ¶ 8, Feb. 7, 2013, ECF No. 6.)[3] Defendant acknowledges that he "exercises total control over the corporation" (id. ¶ 28) and that he is the holder of the majority/controlling shares (id. ¶ 32).

In his Declaration, Defendant argues that he "did not sign the lease agreement." (Def.'s Decl. ¶ 4) (emphasis added). Defendant does not deny that he executed the Guaranty, but instead, seeks to justify his action: "The subject aircraft were leased as part of our expansion project for Air Nigeria Development Limited." (Id. ¶ 5.) "I was told by the then Managing Director, Mr. [Kinfe] Kahssaye, that it

---

[3] In his Declaration submitted in opposition to Plaintiffs' Motion for Summary Judgment, Defendant states that "[a]t all material times I was the Chairman of the lessee, Air Nigeria Development Limited." (Def.'s Decl. ¶ 2.)

was of the utmost and critical importance that we secure the leased aircrafts from [P]laintiff at any cost. I had no cause at the time to disbelieve him." (Id. ¶ 9.) Defendant states further:

> Additionally, the success of this venture was of particular importance to me as I own practically all of the outstanding and controlling shares of the company, and I needed to make good my undertaking to provide citizens of my country with a first class airline operated with quality equipment.

(Id. ¶ 10.)

Defendant contends that there are various mysterious anomalies in the copy of the Guaranty that he was shown by his lawyer, Adeyemo, including that it did not have his initials on all pages and that it had an erroneous passport number and principal address. (Id. ¶¶ 13, 14.) However, Defendant states that he had received a new passport the day after the Guaranty had been signed – leaving the clear impression that the old passport may well have had the number indicated in the Guaranty. (Id. ¶ 16.) As for the address, Defendant concedes that the address listed was his work address. (Id. ¶ 17.)

Without stating that he did not execute the Guaranty (which would, in any event, be entirely self-serving at this point), Defendant argues that he has various problems with the Guaranty obligations and that he is also investigating the now-former Managing Director, Mr. Kahssaye. (Id. ¶¶ 20, 21, 34.)

Air Nigeria failed to make payments when due. (SOF ¶¶ 17-20, 28, 31, 32.) In accordance with Section 16.1 of the Lease Agreements, on December 20, 2012,

the Lessors[4] served a written demand for payment upon Air Nigeria and Defendant, demanding $7,685,837.55. (SOF ¶ 38.) On July 5, 2012, the Lessors took possession of the aircraft. (Id. ¶ 33.) The Lessors were required to invest over a million dollars in restoring the aircraft to meet the redelivery conditions provided for in the Lease Agreements. (Id. ¶ 34.)

The total outstanding amount owed pursuant to the Guaranty is $7,685,837.55. (SOF ¶ 57.)[5]

## LEGAL STANDARDS

### I. Summary Judgment

Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating "the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In making that determination, the Court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010).

---

[4] The term "Lessors" is used to describe Plaintiff Aersale 27469 LLC in the 27469 Lease Agreement and Plaintiff Aersale 27910 LLC in the 27910 Lease Agreement.
[5] Plaintiffs detail their calculation of the amount owed in SOF ¶¶ 38-56. Defendant has not contested any of the items set forth in those paragraphs, nor has he contested the total amount sought by Plaintiffs.

Once the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the opposing party must "set out specific facts showing a genuine issue for trial;" the opposing party cannot "rely merely on allegations or denials" contained in the pleadings. Fed. R. Civ. P. 56(e); see also Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009). "A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," as "[m]ere conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist." Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted). Self-serving, conclusory affidavits, standing alone, are insufficient to create a triable issue of fact and defeat a motion for summary judgment. See BellSouth Telecommc'ns, Inc. v. W.R. Grace & Co.-Conn., 77 F.3d 603, 615 (2d Cir.1996).

II. Contract Law

A. Guarantees

Under New York law, an obligee "seeking to enforce a written unconditional guarantee satisfies its prima facie case by establishing: (1) an absolute and unconditional guarantee; (2) the underlying debt; and (3) the guarantor's failure to satisfy the unpaid debt." Citicorp Leasing, 2005 WL 1847300, at *4 (citations omitted); see also Overseas Private Inv. Corp. v. Furman, No. 10 Civ. 7096, 2012 WL 967548, at *10 (S.D.N.Y. Apr. 16, 2003); Hotel 71 Mess Lender LLC v. Mitchell, 63 A.D.3d 447, 448 (1st Dep't 2009).

An action to enforce a guarantee – typically based on unambiguous contract language – is particularly amenable to resolution on summary judgment. See Citicorp Leasing, Inc. v. United Am. Funding, Inc., No. 03 Civ. 1586, 2005 WL 1847300 (S.D.N.Y. Aug. 5, 2008); Brookman & Brookman v. Schiavoni, 245 A.D.2d 93, 93 (1st Dep't 1997).

## ANALYSIS

Here, there is no triable issue as to any element required to enforce a written unconditional guarantee: Plaintiffs have established that a valid and enforceable guarantee exists, that there is an unpaid debt, and that demand has been made upon the guarantor – Defendant Ibrahim – and he has failed to satisfy that debt.

In addition, Defendant has not raised a triable issue as to any bona fide defense. See Industrial Bank of Japan Trust Co. v. Haseotes, No. 92 Civ. 6074, 1993 WL 322775, at *4 (S.D.N.Y. Aug. 19, 1993). The terms of the Guaranty leave no doubt that it is unconditional – barring the assertion of defenses. See, e.g., Citicorp Leasing, 2005 WL 1847300, at *6-8.

The sole "evidence" that Defendant proffers is in a Declaration that fails to meet the most basic requirements of being executed under penalty of perjury of the laws of the United States. (See Def.'s Decl. at 6.) Prior to the signature block is the statement: "I declare under penalty of perjury pursuant to the laws of the State of Lagos, Nigeria that the foregoing is true and correct." (Id.) Failure to comply with 28 U.S.C. § 1746 renders the Declaration nothing more than an unsworn assertion having no evidentiary value on summary judgment. Indeed, it may not be

8

considered on summary judgment. See Sterling Fifth Ave. Assocs. v. Carpentile Corp., Inc., No. 03 Civ. 6569, 2003 WL 22227960, at *5 (S.D.N.Y. Sept. 26, 2003); Gotlin v. Lederman, 616 F.Supp.2d 376, 389 n.7 (E.D.N.Y. 2009). The "Affirmation" of Defendant's attorney, Adeyemo, fares no better -- it fails to comply with the format of Section 1746 and is plainly based on inadmissible hearsay. (See, e.g., Adeyemo Aff. ¶¶ 2, 10, 15, 16, July 26, 2013, ECF No. 33.)

Moreover, even were this Court to overlook the shortcomings of Defendant's Declaration, there would still be no triable issue of fact in this case. While Defendant raises several oddities in the Guaranty, he does not assert that he did not sign it. The purported oddities (failure to initial every page, use of an expired passport number, and use of his office address instead of his principal residence) are insufficient to raise a triable issue as to the validity of the Guaranty.

The clear and undisputed facts illustrate that Defendant signed a Guaranty. He may well now regret having done so, but he did so nonetheless. And that is that.[6]

---

[6] As noted above, Air Nigeria has made a Motion to Intervene in this action. (ECF No. 36.) That motion is denied. The presence of Air Nigeria is irrelevant to the enforceability of Defendant's personal guaranty. Indeed, in his "Declaration" under the laws of the State of Lagos, Nigeria, Defendant states clearly that he controls Air Nigeria. (See Def.'s Decl. ¶¶ 2, 10). The only reason to allow intervention would be to delay what is a straightforward resolution of a straightforward claim. That the Court will not do.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Summary Judgment is GRANTED and Air Nigeria's Motion to Intervene is DENIED. Plaintiffs are directed to submit a Proposed Order of Judgment, which includes the interest[7] and attorneys' fees and costs being sought,[8] within two weeks of the date of this Order.

The Clerk of Court is directed to close the motions at ECF Nos. 4 and 36. The Clerk of Court is further directed to terminate this action.

SO ORDERED.

Dated:   New York, New York
         September 25, 2013

_____
KATHERINE B. FORREST
United States District Judge

---

[7] Plaintiffs appear to be seeking interest at a rate of 10.3110%, but it is unclear how the interest that has accrued to-date factors into the amount being sought. (See O'Connell Decl. ¶¶ 18, 28; see also Compl., Ex. A § 16.1(c)(iii), Ex. B § 16.1(c)(iii).) Accordingly, Plaintiffs are directed to file a brief supplemental letter providing an explanation of their interest calculations. This letter shall be submitted at the same time as Plaintiffs' Proposed Order of Judgment.

[8] Section 17.8(b)(iii) of the Lease Agreements provides that the Lessee will pay all reasonable costs and expenses – including legal costs and expenses – incurred by Lessor in dealing with, among other things, breach of the Lease Agreements by the Lessee. (See Compl., Ex. A § 17.8(b)(iii), Ex. B § 17.8(b)(iii).) Similarly, the Guaranty provides that the Guarantor will pay the Lessor for all "costs, attorneys' fees, and other expenses which Lessor expends or incurs" in enforcing the Guaranty. (See id., Ex. C § 21.)